**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Yasmin Smith,<br><br>Plaintiff,<br><br>v.<br><br>AIKG, LLC and AIKG Marietta, LLC,<br><br>Defendants. | Civil Action No.:<br><br>____________________ |

## COMPLAINT

Plaintiff Yasmin Smith ("Smith") files this Complaint against Defendants AIKG, LLC ("Andretti") and AIKG Marietta, LLC ("Andretti Marietta") (collectively "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. Smith asserts claims pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 *et seq*., against Defendants for failing to pay her for all hours worked, including those in excess of 40 per week at her required overtime premium by refusing to pay her for administrative tasks handled outside of her scheduled working hours.

## THE PARTIES

2. Andretti is a foreign limited liability company with its principal office address located at 1255 Roswell Road, Marietta, GA 30062.

3. Andretti is the owner of thirteen premier entertainment centers offering indoor go-kart racing, arcade gaming, laser tag, bowling, virtual reality experiences, and restaurant options to families in Arizona, Florida, Georgia, Illinois, Kansas, Oklahoma, and Texas.

4. Andretti Marietta is a foreign limited liability company with its principal address located at 1255 Roswell Road, Marietta, GA 30062 that is associated with the Andretti entertainment center located at the same address ("the Marietta Location").

5. Smith worked for Defendants between February 2022 and May 2025..

**JURISDICTION AND VENUE**

6. Under 28 U.S.C. § 1331, this Court has jurisdiction over Smith's claims because her claims raise questions of federal law.

7. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B), venue is proper in this division because a substantial part of the events or omissions giving rise to the claims occurred in this division, and Defendants are based out of Cobb County, GA, which is a member of the Atlanta division of the Northern District of Georgia.

8. Andretti is subject to personal jurisdiction in this Court because it conducts substantial business in Georgia, has its principal office located in

Georgia, and has a registered agent in Georgia.

9. Andretti may be served through its registered agent, Corporate Creations Network Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

10. Andretti Marietta is subject to personal jurisdiction in this Court because it conducts substantial business in Georgia, has its principal office located in Georgia, and has a registered agent in Georgia.

11. Andretti Marietta may be served through its registered agent, Corporate Creations Network Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

**DEFENDANTS ARE COVERED BY THE FLSA**

12. Defendants constitute an enterprise engaged in commerce and the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

13. Defendants employ two or more individuals who regularly communicate across state lines using the internet, mail, and telephone while communicating with customers and go-kart, gaming, and food and beverage vendors.

14. Defendants accept credit card payments from customers for the go-kart races, attractions, food, and beverages it provides at its locations, including the Marietta Location.

15. Smith handled and used materials that have traveled through

interstate commerce, such as go-karts, virtual reality experience equipment, computers, and telephones, while performing her job duties.

16. Defendants' gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.00.

**FACTS**

17. Defendants hired Smith as a track marshal on February 25, 2022.

18. As a track marshal for the track department, Smith's responsibilities included assisting and communicating with guests who participated in Defendants' go-kart experience.

19. Smith's hourly rate as track marshal was $15 an hour.

20. Throughout her employment with Defendants, Smith clocked in and out for each of her scheduled shifts by logging into a computer owned by Defendants and housed inside the Marietta Location at the security desk.

21. Defendants promoted Smith to track supervisor on May 18, 2023.

22. Smith's hourly rate as track supervisor was $18.00 an hour.

23. With this promotion, Smith became responsible for assisting the operations manager for the Marietta Location's track department by leading staff members working her shifts.

24. In March of 2024, Daevon Billingslea, the assistant general manager for the Marietta Location, asked Smith to assist him with overseeing

the track department after the track department's operations manager was transferred to a different department.

25. Although Smith was not officially promoted, her hourly rate increased to $22.00 an hour and she gained new job responsibilities, essentially becoming the de facto operations manager for the Marietta Location's track department.

26. Smith's new responsibilities included overseeing the Marietta Location's track supervisors, staffing and training all hourly track staff, managing department labor costs, ensuring track safety, and coordinating with other departments.

27. Smith reported directly to Billingslea as a de facto operations manager.

28. Through Billingslea, Defendants made Smith responsible for overseeing PTO requests and scheduling changes for the Marietta Location's track department.

29. Throughout Smith's tenure with Defendants, the Marietta Location's track department was comprised of at least 30 employees.

30. Overseeing these requests required Smith to exchange text messages and have phone calls with employees assigned to the track department throughout the day, even when she was not working a scheduled shift.

31. For example, Smith exchanged the following messages with a track team member on April 9 and April 10, 2025:



32. Defendants' manager schedule for April 2025 confirms that Smith was not scheduled to work on April 9 or April 10, 2025.

| 2025 | Manager Schedule - April | | | | | | |
|---|---|---|---|---|---|---|---|
| | 3-Apr | 4-Apr | 5-Apr | 6-Apr | 7-Apr | 8-Apr | 9-Apr |
| | THURS | FRI | SAT | SUN | MON | TUES | WED |
| [redacted] | | | | | | | |
| YASMIN | 3-CLOSE | 4-CLOSE | 9AM OPEN | OFF | OFF | OFF | OFF |
| [redacted] | | | | | | | |
| | | | | | | | |
| | 10-Apr | 11-Apr | 12-Apr | 13-Apr | 14-Apr | 15-Apr | 16-Apr |
| | THURS | FRI | SAT | SUN | MON | TUES | WED |
| [redacted] | | | | | | | |
| YASMIN | OFF | OFF | OFF | OFF | GLENDALE | GLENDALE | GLENDALE |
| [redacted] | | | | | | | |

33. Smith routinely communicated with the track department's team members and Billingslea when she was not clocked in.

34. For example, Smith approved the following PTO request for Billingslea on November 23, 2024:



35. However, according to Defendants' manager schedule for November 2024, Smith did not work on November 23, 2024.

| | 21-Nov | 22-Nov | 23-Nov |
|---|---|---|---|
| | THURS | FRI | SAT |
| YASMIN | 10 SWING | 4-CLOSE | OFF |

36. Although Defendants required Smith to respond to her team members and other supervisors in a timely manner even when she was not working her scheduled shifts, she received no compensation for any communications she participated in off-the-clock, including hours worked over 40.

37. Although Defendants tracked the amount of time Smith worked during her shifts through their time systems, Defendants neither tracked nor monitored any of the hours Smith worked remotely off-the-clock.

38. Although the FLSA required Defendants to pay Smith for all hours worked, including 1.5 times her regular rate for all hours worked over 40, Defendants refused to pay Smith for all of her time.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

39. The FLSA requires employers to compensate employees who are on duty at a prescribed workplace and requires payment for all hours worked, including those over 40. 29 C.R.F. § 553.221(b).

40. Smith was entitled to be paid for all hours worked during the

continuous workday, including those in excess of 40 per work week, which must be paid at a rate of one and one-half times her regular rate.

41. Smith regularly remotely completed tasks for Defendants.

42. Between March 2024 and May 2025, Smith occasionally worked over 40 hours a week.

43. Plaintiff estimates that she worked at least four to five overtime hours most weeks performing management or administrative tasks off-the-clock.

44. Defendants failed to pay Smith her regular rate of pay for all hours worked by providing no compensation for remote work.

45. Defendants suffered or permitted Smith to work without compensation to complete remote work.

46. Defendants knew that Smith was working several hours each week without compensation.

47. Smith is a non-exempt employee under the FLSA.

48. Defendants are liable for these FLSA violations.

49. At all times relevant to this litigation, Defendants acted willfully or with reckless disregard as to their obligation to pay one and one-half times Smith's regular rate of pay for hours worked in excess of 40 per week, and accordingly, the violation was willful for purposes of the FLSA.

50. As a result of Defendants' unlawful conduct, Smith has incurred a

loss of overtime compensation in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation.

**DEMAND FOR JUDGMENT**

Smith prays that the Court:

1. Find, based on the evidence that Defendants' actions, policies, and practices violated, and continue to violate, the FLSA;
2. Find, based on the evidence, that Defendants' violations of the FLSA were willful;
3. Award Smith all unpaid wages for a period of three years;
4. Award Smith liquidated damages in an amount equal to their unpaid wages;
5. Award Smith reasonable attorneys' fees, costs, and expenses;
6. Award Smith pre- and post- judgment interest at the maximum rates allowable by law; and
7. Award Smith all other relief to which Smith and others may be entitled.

**DEMAND FOR JURY TRIAL**

Smith requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted, this March 2, 2026.

*[signature on following page]*

**PARKS, CHESIN & WALBERT, P.C.**
1355 Peachtree Street NE
Suite 2000
Atlanta, GA 30309
Telephone: 404-873-8000
acoffman@pcwlawfirm.com
jdean@pcwlawfirm.com

*/s/ James D. Dean*
Andrew Y. Coffman
Georgia Bar No. 173115
James D. Dean
Georgia Bar No. 696656

*Counsel for Smith*